EDWARD J. PHILLIPS, PETITIONER-RESPONDENT, v.
QUIK-SNAP PRINTING CORP., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 2, 1973—Decided May 18, 1973.

Before Judges LORA, ALLCORN and HANDLER.

*Mr. Richard D. Catenacci* argued the cause for the appellant Quik-Snap Printing Corp., (*Messrs. Hughes, McElroy, Connell, Foley & Geiser,* attorneys).

*Mr. Herbert E. Greenstone* agrued the cause for the respondent Edward J. Phillips (*Messrs. Greenstone & Greenstone,* P. A., attorneys).

*Mr. John W. Taylor* argued the cause for the respondent Liberty Mutual Insurance Company.

PER CURIAM. This is an appeal by Quik-Snap Printing Corp., from judgments of the County Court determining that petitioner Edward Phillips was entitled to workmen's compensation. It also appeals through its workmen's compensation insurance carrier, New Jersey Manufacturers Insurance Company on the additional ground that Liberty Mu-

tual Insurance Company was the insurance carrier respon-
sible for petitioner's compensable condition. The County
Court disposition followed an appeal by petitioner from an
adverse determination of the Division of Workmen's Com-
pensation dismissing his petition and amended petition for
compensation.

Appellant emphasizes these to be the salient findings of
fact made by the County Court, *viz*:

> From the evidence presented, this Court finds as follows:
> 1) the petitioner, for a period of eight years was required to lift
> rolls of paper weighing 85 to 100 pounds with his right arm; 2) this
> was a continuous day to day process; 3) these rolls had to be stacked
> as many as nine high; 4) as a result of this use of his right arm, the
> scalenus anticus muscle in the petitioner's neck became hypertro-
> phied; 5) thus the scalenus muscle caused pressure on the sub-
> clavian artery supplying blood to petitioner's right arm; 6) this loss
> of blood resulted in the present condition to petitioner. If the effort
> or strain, whether great or little was the incident of the employee's
> work and either alone or in combination with disease, played a ma-
> terial part in causing, contributing or accelerating petitioner's con-
> dition, it is compensable. *Dwyer v. Ford Motor Co., supra* [36 *N. J.*
> 487] at 497.

It is argued that this determination "is not grounded in
a legally sufficient medical opinion of work related causation
* * * which can be found in the record and, therefore, must
itself be reversed."

At this juncture our function is defined primarily by *Close
v. Kordulak Bros.,* 44 *N. J.* 589, 599 (1965):

> [T]he standard to govern appellate intervention is the same as on
> an appeal in any non-jury case, *i. e.,* 'whether the findings made could
> reasonably have been reached on *sufficient credible evidence* present
> in the record,' considering 'the proofs as a whole,' with due regard
> to the opportunity of the one who heard the witnesses to judge of
> their credibility." (Emphasis added).

Appellate review might be somewhat more exacting where
the determinations of lower tribunals are not harmonious. It
has been stated

* * * — that the Appellate Division will ordinarily not undertake a review de novo and make an independent decision of the contested issue of fact but only decide whether the determination of the tribunal under review is reasonably supportable on the whole record before it. So guided, our function here is to examine the record for the purpose of determining whether the County Court conclusion is reasonably supportable on the whole record before it, in the light of the legal principles applicable, giving due regard to any conflicting findings of the Division of Compensation founded on either special expertise or a superior opportunity to appraise credibility of the witnesses. *Kaplowitz v. K & R. Appliances, Inc.*, 108 *N. J. Super.* 54, 62 (App. Div. 1969). *Compare, Leming v. Federal Pacific Electric Co.*, 59 *N. J.* 512 (1971).

The County Court was obliged to bring to bear upon the record its own independent judgment uncolored by the opinion and conclusions of the Judge of Compensation. *MacDonald v. Hudson Bus Transportation Co.*, 100 *N. J. Super.* 103 (App. Div. 1968) ; *Stallone v. Schiavone-Bonomo Corp.*, 103 *N. J. Super.* 170 (App. Div. 1968). We conclude that in so doing the County Court reached factual findings based upon sufficient credible evidence which are reasonably supportable on the whole record before it. We have reviewed respondent's specific contentions and find them lacking in merit. In particular we have noted respondent's argument that the lower court's finding that the petitioner's "scalenus anticus muscle * * * became hypertrophied * * * thus the scalenus muscle caused pressure on the subclavian artery supplying blood to petitioner's right arm" was not based upon sufficient evidence. There was medical testimony that what was involved was a physical condition of the scalenus anticus muscle which caused pressure upon the subclavian artery. There was such compression upon the subclavian artery attributable to a stretched or taut condition of the scalenus anticus muscle and this was indicated by pre-operative tests, revealed by actual surgery and confirmed by post-operative events. There was also sufficient evidential support for the court's determination that petitioner's work "either alone or in combination with disease [*i. e.* here structural anatomical developments] played a material part in causing, contribut-

ing or accelerating petitioner's [present] condition." The County Court carefully evaluated the conflicting medical testimony giving due regard to the vantage of the Judge of Compensation on matters of expertise and credibility. *MacDonald v. Hudson, etc., supra.* The court below made an independent analysis of the medical testimony and determined that the treating physicians were more persuasive. *Handleman v. Marwen Stores Corp.,* 53 *N. J.* 404 (1969); *Bober v. Independent Plating Corp.,* 28 *N. J.* 160; *Dwyer v. Ford Motor Co.,* 36 *N. J.* 487 (1962); *Aladits v. Simmons Co.,* 47 *N. J.* 115 (1966).

With respect to the arguments concerning the extent of petitioner's disability and whether it had manifested itself before Liberty Mutual Insurance Company "came on the risk" or alternatively, it had become aggravated or accelerated subsequent thereto, we perceive no error in the order of the court below affirming the determination of the Judge of Compensation on remand that New Jersey Manufacturers Insurance Company was the responsible carrier with respect to petitioner's disability.

Affirmed.